PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

IN THE UNITED STATES DISTRICT COURT
FOR THE Southern DISTRICT OF TEXAS
Houston DIVISION

United States Courts
Southern District of Texas
FILED

DEC 30 2020

David J. Bradley, Clerk of Court

Frederick Carter #1292315
Plaintiff's Name and ID Number

Wallace Pack Unit
Place of Confinement

CASE NO. _____
(Clerk will assign the number)

v. Bryan Collier - P.o. Box 99 Huntsville Tx. 77342

Major Matrice Wilburn - 2400 Wallace Pack Rd. Navasota Tx 77868
Defendant's Name and Address

Jacqueline Lofton - same as above "Wallace Pack Unit"
Defendant's Name and Address

Lanika Thomas - same "Wallace Pack Unit"
Defendant's Name and Address
( DO NOT USE "ET AL.")

### INSTRUCTIONS - READ CAREFULLY

NOTICE:

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "...if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

   A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓YES ___NO

   B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
      1. Approximate date of filing lawsuit: 4/2015
      2. Parties to previous lawsuit:
         Plaintiff(s) Frederick Carter
         Defendant(s) Lt. David Ruiz
      3. Court: (If federal, name the district; if state, name the county.) Southern District
      4. Cause number: 4:15-CV-02338
      5. Name of judge to whom case was assigned: ?
      6. Disposition: (Was the case dismissed, appealed, still pending?) awaiting trial
      7. Approximate date of disposition: _____

II. PLACE OF PRESENT CONFINEMENT: Wallace Pack Unit

✱ See attached. ✱

2

II. PLACE OF PRESENT CONFINEMENT: Wallace Pack Unit

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?   ✓ YES   ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Frederick S. Carter
2400 Wallace Pack Rd.
Navasota Tx  77868

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Bryan Collier - TDCJ Executive Director
P.O. Box 99 Huntsville Tx 77342

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Promulgated a policy of placing Designator "Do Not Destroy - In litigation" on Plaintiff's TDCJ file causing retaliation, prejudicial treatment and irrepairable Harm, Because of Plaintiff exercising his right to sue.

~~Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.~~

Defendant #2: Major Matrice Wilburn - 2400 Wallace Pack Rd. Navasota Tx 77868

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

Due to Retaliation She did use intentional, unnecessary and excessive Force.//

Defendant #3: Jacqueline Lofton - Pack Unit Law Library Supervisor - 2400 Wallace Pack Rd. Navasota Tx 77868

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

Retaliated by denying due access to courts, intentionally dissemenated a use of force video admitted into Evidence in another Lawsuit to Pack Unit staff which caused more retaliation and prejudicial treatment.//

Defendant #4: Lanika Thomas - Pack Unit Officer (Law Library)

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

She did retaliate against this Plaintiff by instituting a false write-up and willfully and intentionally denied Him due access to the Pack Unit Law Library and the Courts.

Rev. 05/15

3

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You need not give any legal arguments or cite any cases or statutes.</u> If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

From the Onset of Plaintiff filing his 1st Lawsuit in 4/2015

(1) Defendant Bryan Collier has a policy in place of Brightly and Boldly designating this Plaintiff's TDCJ File with a Noticeable Designator to which as soon as his file is picked up, it is Know from this obvious designator that the Plaintiff is in Litigation against TDCJ, which has been a direct result of this Plaintiff suffering Retaliation, prejudicial treatment, physical abuse, and always a unfavorable decision in TDCJ Unit Classification hearings to which each time the center of attention and Questions evolved around this lawsuit to which the Plaintiff has pending against TDCJ!

(2) Defendant Major Matrice Wilburn — On May 29th 2020 did use intentional, sadistic, unnecessary and excessive force against this Plaintiff in retaliation of his attempts to access the Courts, suing TDCJ and watching evidence (use of force Video) to which was wrongfully dissemenated. Major Wilburn Maced and used Chemical agents for No Reason against Plaintiff

VI. RELIEF: State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Defendants ★ See Attached Monetary Award, Prompt a institute New guidelines and an outside watch group over these "Uses of forces" which abuse to inmates is occurring. Institute Change + Correct the Grievance Process + TDCJ Disciplinary Process.

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

_____

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.   West Virginia State Penitentiary   1996 — 1999

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?   ____YES  ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

  1. Court that imposed sanctions (if federal, give the district and division): _____
  2. Case number: _____
  3. Approximate date sanctions were imposed: _____
  4. Have the sanctions been lifted or otherwise satisfied?   ____YES ____NO

4

(5)

(A) Also on May 29th 2020, Major Wilburn out of retaliation and sheer spite and with a total disregard to this Plaintiff's safety and well-being, did place the Plaintiff in the Pack Unit's Segregational Housing Unit, to which this housing area was being used for Covid-19 positive inmates and under Quarantine. Defendant Wilburn and Pack Unit had not placed any new inmate in this Quarantined housing unit for over 3 months, yet out of retaliation, Def. Wilburn placed this Plaintiff in this area, which pose a serious health risk and chance for the Plaintiff to catch the Deadly Covid 19 virus.

(B) On May 29th 2020 Defendant Wilburn instituted a false, fabricated and retaliatory institutional write-up against this Plaintiff, conspiring to cover up her use of unnecessary and excessive force against this Plaintiff.

(C) As a result of this and all Disciplinary Hearings unfairness and injustice, this Plaintiff prays and requests of this Court to challenge the TDCJ Disciplinary process which is so, so unfair and lopsided against inmates and the Plaintiff's due process rights have been flagrantly violated as the Disciplinary Process routinely does on a regular basis. And such denies inmates and this Plaintiff's rights to be set free, because a guilty finding (which occurs 99.9%) takes away inmates ability to be seen by Parole which in essence denies this Plaintiff and others right to be set free. The TDCJ Disciplinary Process is so corrupt and unfair. How can you have such a large disparity of guilty verdicts compared to Not Guilty findings and this Disciplinary process in no way shape or form can be called equal and fair to inmates.

(D) Also the Unit Classification Hearings are just as violatory and unfair, because How can Defendant Wilburn charge the Plaintiff with a write-up for assaulting Her on May 29th 2020 and then as a result of the Plaintiff's guilty finding of assaulting Defendant Major Wilburn, She was one of the three Member UCC panel whom decided the Plaintiff's Custody level. Which Determines housing and Security level. Knowing this is so unfair and a Conflict of interest. How can it even be considered to allow the Charging officer and victim to the assault, sit on the UCC Committee Panel.??

(E) Then this Plaintiff's only Recourse to the wrongs to which he was subjected to is the TDCJ grievance Process, which this Plaintiff also prays to the Court to challenge, to get such changed, Revamped and re-structured.

(CONTINUED) - This Grievance process that TDCJ is so, so much of a sham and so unfair when on each level a TDCJ Employee investigates and gives a response to inmates complaints, concerns and other problems. Each and every time TDCJ never admits guilt nor liability to anything. It's so corrupt and unfair that TDCJ monitors and investigates and decides on serious issues concerning inmates, their treatment, abuse, and other issues. This Plaintiff never filed a grievance until 8 years in the system and He did not because it is common knowledge that Grievances don't work nor afford inmates an avenue to get fair and effective results. This Plaintiff has filed 112 grievances over his incarceration and Never, not once had a favorable finding! Nor does this Plaintiff know of any inmate over his 16 years and 6 months of incarceration that has had a favorable finding on a TDCJ Grievance Response. Now that is sad and so, so inequivocal and unfair.

③ Defendant Jacqueline Lofton - On or about March 24th 2020 Def. Lofton (Pack Unit Law Library Supervisor) recieved an "Use of Force" Video sent to her by the State's Attorney General's Office, concerning on going Litigation at. This Video was shown to Pack Unit Staff by Def. Lofton, when this said "Use of Force" Video had nothing to do with the Pack Unit or Officers there. Yet upon showing this Video, as the Plaintiff was present, Pack Unit Officers entering and Exiting the Lt's office as it was being Shown, made threatening, disparaging and also retaliatory remarks to this Plaintiff. By Def. Lofton mishandling and so freely dissementating this evidence, it caused retaliation from Pack Unit Officers and it placed a Big Red "X" on the Plaintiff's Back, as Officers openly remarked and retaliated against and Harassed this Plaintiff everyday there-after.

Ⓐ From April 13th 2020 until Present, Defendant Lofton did deny this Plaintiff access to the Courts by her not providing any material, writing supplies, postage, nor case law and requested material to her, Because of her prejudiceness to this Plaintiff and while the Pack Unit was on Lock-down and inmates could not go to the Unit Commissary to Purchase such supplies to correspond to

the Courts and this Plaintiff had a Court deadline to meet!

(B) Defendant Lofton issued a Retaliatory institutional write-up against this Plaintiff out of retaliation against him for Complaining and trying to get his due right to access the Courts. On Threatening Her via I-60

(C) Again as usual a guilty Finding by the disciplinary System when the evidence suggests otherwise, and this Plaintiff was denied his liberty to Be free and see parole. Plaintiff Duly challenges such in this Lawsuit.

(D) The grievance process was the Plaintiff's next recourse of action and it is a Sham also! Another Unfavorable Response as for this Plaintiff. That's why the Grievance Process is being challenged in this Lawsuit. The Plaintiff and inmates within TDCJ do not have a Voice in matters nor in a fair administrative grievance or discipline process! I strongly Challenge all with evidence to show how badly inmate's disadvantage and injustice is!

(4) Defendant Lanika Thomas — did willfully and intentionally Conspire with Defendant Lofton to deny this Plaintiff Due access to The Courts, by not even taking his I-60's Legal Material Requests and by not providing him with the essential supplies to correspond With the Courts.

(A) On April 23rd 2020 Defendant Lanika Thomas did fabricate and issue a false write-up against this Plaintiff to Lt. Corolla and Sgt. Rodriquez in Retaliation against him for trying to exercise his right to access the Courts. As a Pack Unit Law Library Officer and Co-Worker of Def. Lofton, Evidence shows that the two were being Retaliatory for all of the Officials to whom this Plaintiff was writing in regards to him being Denied due access to the Courts and the Reckless and Careless mishandling of that afore-mentioned "Use of force" DVD from the Attorney General's Office! It was proven and shown that Def. Thomas deliberately, intentionally and falsely lied about all the events written in this fabricated and fictitious write-up!

C. Has any court ever warned or notified you that sanctions could be imposed? ✓ YES ___ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): This Court (I guess) ???
2. Case number: 4:20-CV-02071 ???
3. Approximate date warning was issued: December 15th 2020

Executed on: 12/29/20
DATE

Frederick Carter
(Signature of Plaintiff)

**PLAINTIFF'S DECLARATIONS**

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this 29th day of December, 20 20.
(Day) (month) (year)

F. Carter
(Signature of Plaintiff)

**WARNING:** Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.

(1)

# Addendum

Now Comes The Plaintiff, Pro-Se, to thank this Court for telling him to re-structure his Complaint rather than to sever his Complaint in regards to individual Seperate Defendants, which was the case in all these other Cases to which this Plaintiff is paying for and undertaking.

Knowingly I do not know what I am doing and I do not want to be sanctioned, But I think that the Amended Complaint Consists of those issues and Claims which all originate from the incident of Retaliation. I feel very much abused and Persecuted by these Defendants and I do want my case to proceed. From Day one on This Unit I wanted a new beginning, yet that "Use of force" DVD being shown shortly after my arrival to this Pack Unit has caused me serious Physical Abuse, harassment retaliation and prejudicial treatment. It's evident too in those abundance of Evidence already sent to the Court. From letters of urgency to the Institutional write-ups! Clearly it also shows motives for The Unnecesa and Excessive force used against me and why these Defendants had due cause to retaliate against me!!

The Plaintiff pro-se, avers, the Claims raised in his New and amended Complaint, all derive from the same retaliation from his ongoing Lawsuit, his attempts to access the Courts, wrongful and reckless handling of His "Use of Force" Video and Common knowledge of such litigation, which all led to unnecessary and excessive Force to be used against this Plaintiff.

  Thus the Conspiracy to Condone and Cover-up these acts, these Defendants did engage in such and these acts led to this Plaintiff, duly Challenging the TDCJ Disciplinary Process which was used in a retaliatory manner against this Plaintiff also and the TDCJ grievance Process which supposed to be an avenue to get relief from acts of such, also is a sham, corrupt, unfair and inequivocal to all inmates and Both processes need to be revamped, fixed, independently overseen and restructured to allow inmates a fair and just forum to air their Complaints and problems and get effective and decisive decisions on matters relating to them, their Confinement and other issues to which the Disciplinary and Grievance process are to fairly address and be utilized by inmates. Both Processes do not afford inmates any fairness or due process when such decisions are handed down by biased and prejudicial TDCJ Officers and Officials themselves, whom Never, ever admit guilt, accept responsibility nor liability. The disparity between guilty and Not guilty verdicts with the TDCJ Disciplinary Process clearly shows that inmates do not stand a fair Chance, also the disparity between favorable and Non-favorable decisions in the Grievance process for inmates also shows a disturbing pattern of inequality, unfair and unjust acts by these defendants. And these Defendants routinely use the Disciplinary process and institutional write-ups, solely as a means of retaliation and revenge against inmates, to which they undoubtedly know that if they initiate a write-up against an inmate, 99.9% of the time, the inmate will be found guilty and the only recourse for the inmate is the grievance process and it also is just as unfair and unjust for inmates, which no relief will be granted them, either.

As the Court is aware of, the Plaintiff has sent all of his important and Vital evidence in this case aforehand, so as to not be Lost or Destroyed by These Defendants, Which Has duly happened Before! The Plaintiff asks of the Court to Please Please Save this already admitted and Submitted evidence in the prior Case Cause # 4:20-CV-02021! This evidence is Crucial and Very important to this Plaintiffs' Case!!   Thank You + Be Safe!

F. Carter

J Carter

Frederick Carter #1299315
Pack Unit
2400 Wallace Pack Rd.
Navasota TX 77868

Legal Mail

Clerk
U.S. Southern District Court
P.O. Box 61010
Houston TX 77208-1010

United States Courts
Southern District of Texas
FILED
DEC 30 2020
David J. Bradley, Clerk of Court